IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RODNEY PETE,

    **Plaintiff,**

vs.                                      Case No. 4:12cv351-RH/CAS

THE FLORIDA BAR, et al.,

    **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted an amended financial affidavit, doc. 8, in support of his in forma pauperis motion, doc. 6. In a separate Order entered this day, Plaintiff's in forma pauperis motion was granted.

Plaintiff's amended complaint has now been reviewed.[1] Doc. 5. Plaintiff names three Defendants in this case: The Florida Bar, Andre A. Rouviere, and John De Leon. Doc. 5 at 1-2. It appears that Plaintiff complains about representation provided by the two individually named Defendants, who are lawyers, practicing in Miami, Florida. Plaintiff's amended complaint indicates that Plaintiff contracted with the Defendants to

---

[1] Plaintiff had previously been ordered to submit an amended complaint on court forms. Doc. 4. Plaintiff submitted only page one of the form and provided the identical complaint he submitted initially as an "amended complaint." That does not fully comply with the Order, but the amended complaint has been reviewed nevertheless.

represent him in a civil case against the Florida Department of Corrections. *Id.* at 5. Presumably, Plaintiff's case ended at the summary judgment stage of litigation. *Id.* at 6-7. Plaintiff alleges the Defendants were negligent in providing their representation. *Id.* at 5-7. A claim for negligence is insufficient in a civil rights case under § 1983. The Supreme Court has unequivocally held that a state official's negligent conduct, even though it causes injury, does not constitute an actionable deprivation under § 1983. County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986). Plaintiff's claim against the individual Defendants for negligence cannot proceed and the amended complaint is insufficient on its face.

In count II of the amended complaint, Plaintiff asserts "municipal liability" against the "Defendants," but Plaintiff is not specific as to which particular Defendant, or whether all Defendants collectively harmed him. At any rate, Plaintiff's allegation is that "Defendants are policy makers responsible for hiring training and supervision of its employees." *Id.* at 8. Plaintiff's allegations are boilerplate and conclusory; he presents no factual allegations demonstrating that any particular named Defendant acted pursuant to a policy and violated Plaintiff's rights. Moreover, the individual Defendants are not employees of The Florida Bar but private attorneys and, thus, The Florida Bar is not liable in a supervisory capacity, even *if* municipal liability were applicable.

Count III of the amended complaint is also deficient, because Plaintiff alleges a violation of procedural due process. Doc. 5 at 9. Yet Plaintiff presents no facts which show that Plaintiff's attorneys did not have an opportunity to present facts and evidence at the summary judgment stage of his litigation. Furthermore, Plaintiff's claim in count

IV for a violation of substantive due process is also insufficient.  Plaintiff has no substantive right to have summary judgment decided in his favor.

Finally, § 1983 imposes liability on one who, "acting under color of state law, deprives a person of 'any rights, privileges, or immunities secured by the Constitution and laws.'"  <u>Doe 1-13 By and Through Doe, Sr. 1-13 v. Chiles</u>, 136 F.3d 709, 713 (11th Cir. 1998).  Thus, to obtain relief, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law.  <u>Patrick v. Floyd Medical Center</u>, 201 F.3d 1313, 1315 (11th Cir. 2000).  While The Florida Bar may be considered a "state actor" for purposes of § 1983 liability, no factual allegations have been presented which demonstrate that The Florida Bar took any actions which caused harm to Plaintiff.  Moreover, the individually named Defendants are not "state actors" for § 1983 purposes and, therefore, should be dismissed from this civil rights case.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 5, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Tallahassee, Florida, on September 12, 2012.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.